HON. JOHN C. COUGHENOUR

**11-CV-02076-LTR**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RE SOURCES FOR SUSTAINABLE COMMUNITIES, | ) ) ) | No. C11-2076-JCC |
| Plaintiff, | ) ) | CONSENT DECREE |
| v. | ) ) | |
| PACIFIC INTERNATIONAL TERMINALS, INC., | ) ) ) | |
| Defendant, | ) ) | |

## I.   STIPULATIONS

Plaintiff RE Sources for Sustainable Communities ("RE Sources") sent a 60-day notice of intent to sue letter to defendant Pacific International Terminals, Inc. ("PI Terminals") on October 3, 2011, and filed the Complaint in this action on December 12, 2011 ( "Complaint"). The Complaint alleged violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to the discharge of fill material to wetlands constituting waters of the United States at PI Terminal's property at Cherry Point in Whatcom County, Washington, and seeking declaratory and injunctive relief, civil penalties, and attorneys fees and costs.

Solely for the purpose of this Consent Decree ("Decree"), and for no other purpose, PI Terminals admits liability for the unpermitted discharge of fill to 1.2 acres of wetlands in

CONSENT DECREE: No. C11-2076-JCC
p. 1
100071013

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  violation of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a).

2      RE Sources and PI Terminals agree that settlement of these matters is in the best interest

3  of the parties and the public and that entry of this Decree is the most appropriate means of

4  resolving this action.

5      RE Sources and PI Terminals stipulate to the entry of this Decree without trial or

6  adjudication of any issues of fact or law regarding RE Sources' claims or allegations set forth in

7  its Complaint and its 60-day notice.

8      DATED this 24 day of July, 2013

9

10 GORDON THOMAS HONEYWELL          SMITH & LOWNEY PLLC

11 By s/Bradley B. Jones              By  s/Richard A. Smith
12 Bradley B. Jones, WSBA #17197      Richard A. Smith, WSBA #21788
   Attorneys for Defendant Pacific    Attorneys for Plaintiff RE Sources for Sustainable
13 International Terminals, Inc.       Communities

14 PACIFIC INTERNATIONAL              RE SOURCES FOR SUSTAINABLE
15 TERMINALS, INC.                    COMMUNITIES

16
17 By                                 By
   NAME, TITLE                           NAME
18 Kyle R. Lukins, V.P. - General Counsel  TITLE    Crina Hoyer
                                                    Executive Director
19              II.      ORDER AND DECREE

20      THIS MATTER came before the Court upon the foregoing Stipulations of the parties.

21 Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS,

22 ADJUDGES, and DECREES as follows:

23    1.    This Court has jurisdiction over the parties and subject matter of this action.

24    2.    Each signatory for the parties certifies for that party that he or she is authorized to

25 enter into the agreements set forth below.
26

CONSENT DECREE: No. C11-2076-JCC                 Smith & Lowney, p.l.l.c.
p. 2                                             2317 East John St.
100071013                                        Seattle, Washington 98112
                                                 (206) 860-2883

3.     This Decree applies to and binds the parties and their successors and assigns.

4.     This Decree and any injunctive relief ordered within will apply to Defendant PI Terminals' operation and oversight of the property it owns at Cherry Point, Whatcom County, Washington, in Sections 17, 18, and 19, Township 39 North, Range 01 East, which is the location of PI Terminals' proposed Gateway Pacific Terminal ("GPT site").

5.     This Decree is a full and complete settlement of all the claims in the Complaint, the 60-day notice, and all other claims known and unknown existing as of the date of entry of this Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387 or any other state or federal law arising from activities conducted in June and July 2011 relating to or constituting PI Terminals' geotechnical investigation of the GPT site.

6.     This Decree is a settlement of disputed facts and law.  Aside from PI Terminals' admission of liability on page one of this Decree solely for the purpose of entering the Decree, it is not an admission or adjudication regarding any allegations by RE Sources in its Complaint, this case, or of any fact or conclusion of law related to those allegations.

7.     PI Terminals agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Decree:

a.     Other than activities necessary for wetlands restoration and mitigation, PI Terminals will not perform or authorize any activities in wetlands at the GPT site in violation of wetlands protection laws.

b.     PI Terminals will commence restoration of the wetlands damaged by its June/July 2011 geotechnical exploration during the first Fall planting season (i.e., approximately September 15th through November 15th in any year) that commences at least 60 days after  the Army Corps of Engineers issues an after-the-fact permit coverage authorizing such work and gives final approval to a restoration plan, Whatcom County has

CONSENT DECREE: No. C11-2076-JCC
p. 3
100071013

issued a land disturbance permit that authorizes the work and the Department of Ecology concludes its Section 401 certification process.. PI Terminals will conduct the restoration in accordance with the *Critical Areas Study and Restoration Plan*, dated June 15, 2012 (Rev. 3, AMEC) that is Attachment "A" to this Decree, and any amendments thereto as may be required by Whatcom County, the Department of Ecology, or the Army Corps of Engineers.

       c.     PI Terminals will enhance and set aside 2.9 acres of wetlands previously identified at the GPT property that were not affected by the June/July 2011 geotechnical investigation in accordance with the *Wetlands Mitigation Plan for Temporal Loss*, dated June 7, 2012 (Rev., AMEC) that is Attachment "B" to this Decree, and any amendments thereto as may be required by the Department of Ecology provided, however, that if such amendment changes the location of the acreage to be set aside, PI Terminals must agree to the relocation.  Implementation of Attachment B will commence during the first Fall or Spring planting season (i.e., approximately March 15th through May 15th in any year) that commences at least 60 days after the Army Corps of Engineers issues a verification of after-the-fact permit coverage to PI Terminals, Whatcom County has issued a land disturbance permit that authorizes the work and the Department of Ecology formally approves the mitigation plan and concludes its Section 401 certification process.

       d.     Not later than December 31st of the first year of implementation of the enhancement to the 2.9 acre wetland mitigation site, PI Terminals will record with the Whatcom County Assessor a deed restriction similar to the form of Attachment "C" to this Decree and meeting Assessor's recording requirements for such a deed restriction.

       e.     RE Sources agrees that it will not appeal any retroactive authorization (by permit, verification of permit coverage, or otherwise) for work performed in June

CONSENT DECREE: No. C11-2076-JCC
p. 4
100071013

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

and July 2011 as part of the geotechnical investigation or such authorization for restoration relating to such work.

8.      Not later than 5 days after the effective date of this Decree as defined in Section 13, PI Terminals will pay $825,000 to The Rose Foundation for construction of physical projects or other on the ground work for physical improvements for Puget Sound environmental benefit, including associated administrative and land acquisition costs as described in Attachment "D" to this Decree.  Checks will be made to the order of and delivered to:  The Rose Foundation, 1970 Broadway, Suite 600, Oakland, CA 94612.  Payment will include the following reference in a cover letter or on the check: "Consent Decree, RE Sources v. Pacific International Terminals, Inc." A copy of the check and cover letter will be sent simultaneously to counsel for RE Sources.

9.      PIT will pay RE Sources' attorney and expert fees and costs in the amount of $775,000.  Payment will be made within 5 days of the effective date of this Decree as defined in Section 13 by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith. This payment is full and complete satisfaction of any claims RE Sources may have under the Clean Water Act for fees and costs for this case through entry of this Decree.  As a condition precedent of the payment required under this paragraph, Plaintiff's counsel will provide a sworn affidavit that their contemporaneous time records of fees and costs exceed the $775,000.

10.      In the case of a force majeure event, PI Terminals will be given a reasonable extension of time to perform tasks 7(b) or (c) above.  A force majeure event is any event outside the reasonable control of PI Terminals that causes a delay in performing tasks required by this  Decree that cannot be cured by due diligence.  Delay in performance of a task required by this Decree caused by a force majeure event is not a failure to comply with the terms of this Decree, provided that PI Terminals notifies RE Sources of the event.  The

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

notice will include a description of the event causing the delay, the steps that PI Terminals will take to respond to the event and perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to avoid or minimize any impacts to wetlands and water quality resulting from the event and the resulting delay in completing the task.

PI Terminals will notify RE Sources of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than 15 days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a. Acts of God, war, terrorism, insurrection, or civil disturbance;

b. Earthquakes, landslides, fire, floods;

c. Actions or inactions of third parties over whom defendant has no control;

d. Unusually adverse weather conditions;

e. Restraint by court order or order of public authority;

f. Strikes;

g. Any task requiring the approval of a regulatory authority or tribe, where such approval is not granted or is delayed and where PI Terminals has timely and in good faith sought approval; and

h. Litigation, arbitration, appeals, or mediation that causes delay.

11. This Court retains jurisdiction over this matter. While this Decree remains in force, this case may be reopened without a filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this Decree or to resolve any dispute regarding the terms or conditions of this Decree. In the event of a dispute regarding

CONSENT DECREE: No. C11-2076-JCC
p. 6
100071013

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

implementation of or compliance with this Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within 30 days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached within 30 days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court. The prevailing or substantially prevailing party in such motions will be entitled to its reasonable attorneys fees and costs, including expert fees.

12.      The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment may be entered in a Clean Water Act suit in which the United States is not a party before 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, RE Sources will serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

13.      This Decree will take effect upon entry by this Court and the passage of 30 days without any appeal or, if appealed, the resolution of that appeal in a manner that maintains the terms of this Decree without change. It terminates three years after that date, or 90 days after the parties' completion of all obligations imposed by this Decree, except for long term monitoring and maintenance of the restoration and mitigation elements, whichever is later. PI Terminals may provide written notice to RE Sources of its completion of all obligations, and RE Sources will have 60 days to provide a written response should it dispute that PI Terminals obligations are complete. In the event of a dispute over the completion of PI Terminals' obligations and the termination of this Decree, either party may resort to the dispute resolution provisions of Paragraph 11.

14.      Both parties have participated in drafting this Decree.

CONSENT DECREE: No. C11-2076-JCC
p. 7
100071013

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

15.     This Decree may be modified only upon the agreement of the parties and approval of the Court.

16.     If for any reason the Court should decline to approve this Decree in the form presented, this Decree is voidable at the discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

17.     Notifications required by this Decree must be in writing.  The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail.  For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to RE Sources:**
Crina Hoyer
RE Sources for Sustainable Communities
2309 Meridian St.
Bellingham WA 98225

**and to:**

Richard A. Smith
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
email: rasmithwa@igc.org

CONSENT DECREE: No. C11-2076-JCC
p. 8
100071013

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

**if to PI Terminals:**

Kyle Lukins
SSA Marine Inc.
1131 SW Klickitat Way
Seattle, WA 98134

**and to:**
Bradley B. Jones
Gordon Thomas Honeywell, LLP
1201 Pacific Avenue, Suite 2100
PO Box 1157
Tacoma, WA 98401
Email: bjones@gth-law.com

A notice or other communication regarding this Decree will be effective when received, unless the notice or other communication is received after 5:00 p.m. on a business day or on a day that is not a business day, in which case the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received (a) upon receipt as indicated by the date on the signed receipt if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier,; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Decree.

ENTERED this _1_ day of _Oct_ 2013.

HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

CONSENT DECREE: No. C11-2076-JCC
p. 9
100071013